■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT W. DAVIS, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered November 22, 1960 after a nonjury trial, convicting him of manslaughter in the first degree and assault in the second degree, and imposing sentence. Judgment affirmed. On August 22, 1959, defendant stabbed a drinking companion with a knife, causing his death. After being questioned intermittently for about 12 hours, the defendant, on August 24, was arrested and then arraigned solely on a charge of vagrancy. After such arraignment, defendant was again questioned intermittently for about 15 hours, that is, from 11:30 A.M. on August 24 until 2:30 A.M. on August 25. During the latter questioning, defendant made confessions to a police detective and to an Assistant District Attorney to the effect that he (the defendant) had committed the assault which resulted in the death. In our opinion, the confessions so made were properly found to be voluntary and admissible in evidence. Defendant contends, however, that the confessions, although voluntary, were inadmissible because they were post-arraignment statements (*People* v. *Meyer*, 11 N Y 2d 162). In our opinion, the *Meyer* case is inapplicable. The confessions here were made after arraignment on a charge entirely different from the charges to which the confessions related (*People* v. *Berry*, 16 A D 2d 790). Beldock, P. J., Ughetta, Christ and Rabin, JJ., concur; Hill, J., dissents and votes to reverse the judgment

and to grant a new trial, with the following memorandum: The defendant made a self-incriminating statement which the Trial Justice found was voluntary. Such statement was made to a police officer, in the absence of counsel, after defendant's arrest and arraignment, but before his indictment. Defendant did not request counsel; and in fact he had none when the challenged statement was made. Under such circumstances, I believe the statement was inadmissible in evidence against defendant, and that a new trial should be had (*People* v. *Meyer*, 11 N Y 2d 162). In my opinion, this case does not come within our decision in *People* v. *Berry* (16 A D 2d 790) so as to render *Meyer* inapplicable. During the trial in *Berry*, the defendant made "no objection whatever" to the admission in evidence of the challenged statement. Here, objection was made during the trial. Although it is true that the objection was made after the challenged statement had already been received in evidence, defendant, who had waived a jury trial, thereafter specifically objected and made his position known to the Trial Justice. Moreover, in *Berry*, the defendant was arraigned on a charge of robbery. Thereafter, he made a confession to the Assistant District Attorney who was then engaged in the investigation of a different and independent charge, namely, a claim of extortion which the defendant himself had made against certain police officers. Here, the police detective (Dassaro) testified that he had caused defendant to be booked on a charge of vagrancy and that he had done so merely as a pretext to hold defendant for the more serious charge relating to the homicide, which the police were then in the course of investigating. I view the arrest and the arraignment for vagrancy as integral parts of a calculated plan by the police to do indirectly what they could not do directly, i.e.: to keep defendant in custody for a longer period of time than was otherwise legally permissible and to do so for the avowed purpose of extracting from defendant, in the absence of counsel, a statement incriminating himself. A similar device by police was viewed with disfavor in *Culombe* v. *Connecticut* (367 U. S. 568, 631–632). Under these circumstances, it is clear that defendant's arrest and arraignment on the vagrancy charge were part and parcel of the police investigation of the homicide. In substance, although not in form, the vagrancy arrest and arraignment constituted the prelude to or the first stage of the criminal action for manslaughter and assault of which defendant was subsequently convicted. Accordingly, it is my opinion that the challenged statements here, equally as much as the challenged statement in *Meyer*, impinge upon the constitutional protection against testimonial compulsion. I vote for reversal of the judgment and for a new trial.